UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

HOWARD COHAN,

    Plaintiff,

vs.                                             **INJUNCTIVE RELIEF SOUGHT**

AN LUXURY IMPORTS OF PEMBROKE
PINES, INC. d/b/a MERCEDES-BENZ OF
PEMBROKE PINES,
AUTONATION IMPORTS OF PALM
BEACH INC. d/b/a LEXUS OF PALM
BEACH,
AN LUXURY IMPORTS OF PALM
BEACH, INC. d/b/a MERCEDES-BENZ OF
DELRAY; and
STAR MOTORS, LLC d/b/a MERCEDES-
BENZ OF FORT LAUDERDALE,

    Defendant(s).

_____/

## COMPLAINT

    Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues AN LUXURY IMPORTS OF PEMBROKE PINES, INC. d/b/a MERCEDES-BENZ OF PEMBROKE PINES, AUTONATION IMPORTS OF PALM BEACH INC. d/b/a LEXUS OF PALM BEACH, AN LUXURY IMPORTS OF PALM BEACH, INC. d/b/a MERCEDES-BENZ OF DELRAY, and STAR MOTORS, LLC d/b/a MERCEDES-BENZ OF FORT LAUDERDALE  ("Defendants"), for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

## JURISDICTION AND VENUE

1.      This is a complaint for breach of contract and injunctive relief seeking enforcement of the Confidential Settlement Agreement and Release (copy attached as Exhibit A) which arose out of Plaintiff's claim of discrimination caused by certain barriers encountered by Plaintiff on Defendant's properties that prevented Plaintiff from the full and equal enjoyment of places of public accommodation in violation of Title III of the Americans with Disabilities Act.

2.      This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendant's violations of Title III of the ADA.  *See also,* 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

3.      Venue is proper in this Court, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(B) and Internal Operating Procedures for the United States District Court For the Southern District of Florida in that events giving rise to the lawsuit occurred in Palm Beach County, Florida.

## PARTIES

4.      Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

5.      Upon information and belief, Defendants are the lessees, operators, owners and lessors of the Real Properties, which are subject to this suit, and are located at:

   a.   14199 Pines Boulevard, Pembroke Pines, Florida 33027 ("MERCEDES-BENZ OF PEMBROKE PINES");

   b.   5700 Okeechobee Boulevard, West Palm Beach, FL 33417 ("LEXUS OF PALM BEACH");

     c.  1001 Linton Boulevard, Delray Beach, FL 33444 ("MERCEDES-BENZ OF DELRAY"); and

     d.  2411 S. Federal Highway, Fort Lauderdale, FL 33316 ("MERCEDES-BENZ OF FORT LAUDERDALE")

and are the owners of the improvements where each property is located. The Real Properties are hereinafter collectively referred to as "Premises."

6.     Defendants are authorized to conduct, and are in fact conducting, business within the State of Florida.

7.     Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb.  The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As such, Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq.*

8.     Plaintiff visited Defendants' Premises on:

     a.  MERCEDES-BENZ OF PEMBROKE PINES: October 11, 2018;

     b.  LEXUS OF PALM BEACH: January 31, 2019;

     c.  MERCEDES-BENZ OF DELRAY: October 31, 2018, August 23, 2019, and July 8, 2020; and

     d.  MERCEDES-BENZ OF FORT LAUDERDALE: January 29, 2019.

9.      At the time of Plaintiff's visit to the Premises, Plaintiff required the use of fully accessible restrooms and fully accessible service and eating areas. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

10.     Defendants' Premises are places of public accommodation as defined by Title III of the ADA and as such is governed by the ADA.

11.     Following Plaintiff's visits to the Premises, Plaintiff notified Defendants, through Counsel, that Plaintiff sought to file a lawsuit against Defendants seeking to force Defendants to comply with the ADA and applicable regulations thereto.

12.     In connection with said notice, Plaintiff and Defendants entered into a Confidential Settlement Agreement and Release (Exhibit A) on or about September 30, 2020.

13.     The Settlement Agreement required Defendants to complete all modifications to the Premises by on or about June 30, 2021.

14.     Defendants have failed to complete the required modification(s) to the Premises as required by the ADA and the Settlement Agreement and Defendants have failed to give notice of any reasons or documentation for non-compliance.

15.     Plaintiff again personally visited Defendants' Premises on the following dates (and prior to instituting this action):

   a.   MERCEDES-BENZ OF PEMBROKE PINES: May 15, 2023;

   b.   LEXUS OF PALM BEACH: May 10, 2023;

   c.   MERCEDES-BENZ OF DELRAY: January 23, 2023 and May 10, 2023; and

   d.   MERCEDES-BENZ OF FORT LAUDERDALE: May 9, 2023.

16.     Plaintiff required the use of fully accessible restrooms and fully accessible service and eating areas. Plaintiff was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

17.     Plaintiff, in his individual capacity, has shown that he will absolutely return to the Premises and avail himself of the services offered when Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities.

18.     Plaintiff is continuously aware of the violations at Defendants' Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

19.     Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA.

20.     Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendants' discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

21.     Plaintiff lives in and frequently travels throughout South Florida including throughout Palm Beach and Broward Counties. During these trips he visits restaurants, bars, shops, hotels, gas stations, entertainment venues, and any other places of public accommodation in the area.

22.     Plaintiff intends return to the area where the Premises are located, as he has on countless occasions previously, and as he will on countless occasions in the future.

23.     Completely independent of the personal desire to have access to these places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.  Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify Defendants' compliance or non-compliance with the ADA, and Defendants' maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.  It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

24.     Plaintiff fully intends and will return to this Premises in this tester capacity and will pursue his routine practice of ensuring compliance. Independent of his personal reasons for subsequent visits to this Premises as outlined above, Plaintiff intends to visit the Premises regularly

to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises.

25.     In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.  It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

26.     Plaintiff, in his capacity as a tester, will absolutely return to the Premises when either Defendants enter into an agreement to modify the Premises and/or an agreement to modify the policies and practices to accommodate individuals who have physical disabilities or otherwise advises Plaintiff that the barriers to access and discriminatory policies have been removed. The purpose of said visit will be to confirm said modifications and policy changes have been completed in accordance with the requirements of the ADA.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

27.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 26 above as if fully stated herein.

28.     On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

29.     Congress found, among other things, that:

a.   some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

b.   historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

c.   discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

d.   individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

e.   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3),(5) and (9).

30.     Congress explicitly stated that the purpose of the ADA was to:

   a.   provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

   b.   provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   c.   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

U.S.C. § 12101(b)(1)(2) and (4).

31.     Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendants' Premises are places of public accommodation covered by the ADA by the fact they provide services to the general public and must be in compliance therewith.

32.     Defendants have discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

33.     Plaintiff has visited Premises, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

34.     Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendants' failure and refusal to provide disabled persons with full and equal access to its

facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

35.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for any subsequent violation.

36.     Based on a preliminary inspection of the Premises, Defendants are in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and are discriminating against Plaintiff as a result of, inter alia, the following specific violations:

I.      **MERCEDES-BENZ OF PEMBROKE PINES**

**Customer Lounge – Service (Not previously encountered during 2018 visit)**

a.   Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

b.   Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability  in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Men's Restroom Service Department – General (Not previously encountered during 2018 visit)**

c.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

**Men's Restroom Service Department – Accessible Stall (Not previously encountered during 2018 visit)**

d.  Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)

e.  Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

f.  Failure to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1, 306.2, 306.2.1, 606 and 606.2.

g.  Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

h.  Failure to provide toilet cover dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

i.  Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§ 609, 609.4 and 609.7. (rear and side)

j. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

**Men's Restroom Showroom – General**

k. Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

l. Failure to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1, 306.2, 306.2.1, 606 and 606.2.

m. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

n. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

o. Failure to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

p. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

q. Failure to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.

r.  Failure to provide the correct spacing for a forward or parallel approach to an element due to a wall or some other obstruction in violation of 2010 ADAAG §§ 305 and 306.

**Men's Restroom Showroom – Accessible Stall**

s.  Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

t.  Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

u.  Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (door handle)

v.  Failure to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308.

w.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

x.  Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308.

II.   **LEXUS OF PALM BEACH**

**Men's Restroom - General**

    a.   Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

    b.   Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

    c.   Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

**Men's Restroom – Ambulatory Stall**

    d.   Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.

    e.   Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4.

**Men's Restroom – Accessible Stall**

    f.   Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3. (toilet seat cover dispenser)

    g.   Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3. (plumbing)

h. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

i. Failure to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1, 306.2, 306.2.1, 606 and 606.2.

j. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

**Lounge and Coffee Bar Area**

k. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

l. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

## III. <u>MERCEDES-BENZ OF DELRAY</u>

a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

b. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

c.  Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

d.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

e.  Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

**Men's Restroom – Accessible Stall**

f.  Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (door handle)

g.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

h.  Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

i.  Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)

j.   Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§ 609, 609.4 and 609.7.

**Lounge Area**

k.   Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

l.   Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability  in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Lounge Coffee Area**

m.   Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

n.   Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

## IV.   **MERCEDES-BENZ OF FORT LAUDERDALE**

**Men's Restroom – Accessible Stall**

a.   Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

**Men's Restroom – General**

    b.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

    c.  Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

**Customer Lounge**

    d.  Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

    e.  Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

37.    To the best of Plaintiff's belief and knowledge, Defendants have failed to eliminate the specific violations set forth in paragraph 36 herein.

38.    Although Defendants are charged with having knowledge of the violations, Defendants may not have actual knowledge of said violations until this Complaint makes Defendants aware of same.

39.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

40.     As the owners, lessors, lessees or operators of the Premises, Defendants are required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owners, lessors, lessees or operators have been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

41.     To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that they are readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

42.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendants, pursuant to 42 U.S.C. § 12205.

43.     All of the above violations are readily achievable to modify in order to bring Premises or the Facilities/Properties into compliance with the ADA.

44.     In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 36 herein can be applied to the 1991 ADAAG standards.

45.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facilities until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

1. That this Court declares that Premises owned, operated and/or controlled by Defendants are in violation of the ADA;

2. That this Court enter an Order requiring Defendants to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to Premises;

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

5. That this Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II
## BREACH OF CONTRACT

46.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 26 above as if fully stated herein.

47.     On or about September 30, 2020, Plaintiff and Defendant entered into a Confidential Settlement Agreement and Release. (Exhibit A). Through this Settlement Agreement, Defendant agreed to make modifications to Defendant's Premises as outlined in the agreement. The Settlement Agreement and Release required Defendant to complete all modifications to the Premises by on or about June 30, 2021.

48.    Plaintiff has performed all conditions precedent to be performed by him under the Settlement Agreement.

49.    Since June 30, 2021, Defendant has failed to complete the modifications promised in the Settlement Agreement. Specifically, Defendant has failed to address the following violations:

## I.    MERCEDES-BENZ OF PEMBROKE PINES

**Pines shall ensure that the following is correct in the Men's Restroom:**

a.    Provide a gate or door with a continuous opening pressure of greater than 5 lbs. in compliance with 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4 and/or §4.13.11 of the 1991 ADA Standards.

b.    Provide a paper towel dispenser at the correct height above the finished floor in compliance with 2010 ADAAG §§ 606, 606.1 and 308 and/or §§4.16.6, 4.27, 4.27.3, 4.22.7, and 4.23.7 of the 1991 ADA Standards

c.    Provide proper knee clearance for a person with a disability under a counter or sink element in compliance with 2010 ADAAG §§ 306, 306.1 306.3, and 306.3.1 and/or §4.24.3 of the 1991 ADA Standards.

d.    Provide proper toe clearance for a person with a disability under a counter or sink element in compliance with 2010 ADAAG §§ 306, 306.1, 306.2, 306.2.1, and/or §§4.24 and 4.24.5 of the 1991 ADA Standards.

**Pines shall ensure that the following is correct in the Accessible Stall of the Men's Restroom:**

a.  Provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability (missing stall handle) in compliance with 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and/or §§4.27, 4.27.3 and 4.27.4 of the 1991 ADA Standards.

b.  Provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in compliance with 2010 ADAAG §§ 606 and 606.5 and/or §4.24.6 of the 1991 /ADA Standards.

c.  Provide grab bars of proper horizontal length or spacing on the back and side walls in compliance with 2010 ADAAG §§ 604, 604.5, 604.5.1, 6.4.5.2, 609 and 309.4 and/or §§ 4.26 and 4.26.2 of the 1991 ADA Standards..

d.  Provide a coat hook within the proper reach ranges for a person with a disability in compliance with 2010 ADAAG §§ 603, 603.4 and 308 and/or §§4.25.3, 4.2.5 and 4.1.3 of the 1991 ADA Standards.

e.  Provide a paper towel dispenser at the correct height above the finished floor in compliance with 2010 ADAAG §§ 606, 606.1 and 308 and/or §§4.16.6, 4.27, 4.27.3, 4.22.7 and 4.23.7 of the 1991 ADA Standards.

## II.  LEXUS OF PALM BEACH

**Men's Restroom**

a.  Failure to provide a fully accessible restroom for individuals with disabilities in violation of 2010 ADAAG §§ 603, 604, 605, and 606

**Lexas shall ensure that the following is correct in the Lounge Area:**

a.  Provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in compliance with 2010 ADAAG §§ 902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5 and 4.5 of the 1991 ADA Standards.

b.  Provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability  in compliance with 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

## III.   <u>MERCEDES-BENZ OF DELRAY</u>

**Delray shall ensure that the following is correct in the General Area of the Men's Restroom:**

a.  Provide a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in compliance with 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4 and/or §4.13.11 of the 1991 ADA Standards.

b.  Provide a swinging door or gate with proper maneuvering clearance(s) in compliance with 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1 and/or §§4.13, 4.13.3 and 4.13.6 of the 1991 ADA Standards.

c.  Provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in compliance with 2010 ADAAG §§ 606 and 606.5 and/or §4.24.6 of the 1991 ADA Standards.

d.  Provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308 and/or §§4.16.6, 4.27, 4.27.3, 4.22.7 and 4.23.7 of the 1991 ADA Standards

**Delray shall ensure that the following is correct in the Accessible Stall of the Men's Restroom**

a.  Provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability (missing stall handle) in compliance with 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and/or §§4.27, 4.27.3 and 4.27.4 of the 1991 ADA Standards.

b.  Provide sufficient clear floor space around a water closet without any obstructing elements in this space in compliance with 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1 and/or §§4.16, 4.16.2, 4.22 and 4.22.3 of the 1991 ADA Standards.

c.  Provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in compliance with 2010 ADAAG §§ 606 and 606.5 and/or §4.24.6 of the 1991 ADA Standards.

d.  Provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in compliance with 2010 ADAAG §§ 604, 604.5, 609, 609.4 and/or §§4.17.6, 4.26 and 4.26.2 of the 1991 ADA Standards.

g.  Provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in compliance with 2010 ADAAG §§ 603 and 603.3 and/or §§4.19 and 4.19.6 of the 1991 ADA Standards.

**Delray shall ensure that the following is correct in the Seating Area of the Lounge:**

    a.  Provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in compliance with 2010 ADAAG §§ 902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2, and 4.5 of the 1991 ADA Standards.

    b.  Provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in compliance with 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Delray shall ensure that the following is correct at the Counter Area of the Lounge:**

    a.  Provide a paper towel dispenser at the correct height above the finished floor in compliance with 2010 ADAAG §§ 606, 606.1 and 308 and/or §§4.16.6, 4.27, 4.27.3, 4.22.7 and 4.23.7 of the 1991 ADA Standards.

    b.  Provide proper knee clearance for a person with a disability under a counter or sink element in compliance with 2010 ADAAG §§ 306, 306.1 306.3, and 306.3.1 and/or §4.24.3 of the 1991 ADA Standards.

**IV.**    **MERCEDES-BENZ OF FORT LAUDERDALE**

**Lauderdale shall ensure that the following is correct in the General Area of the Men's Restroom:**

    a.  Provide proper knee clearance for a person with a disability under a counter or sink element in compliance with 2010 ADAAG §§ 306, 306.1 306.3, and 306.3.1 and/or §4.24.3 of the 1991 ADA Standards

**Lauderdale shall ensure that the following is correct in the Accessible Stall of the Men's Restroom:**

a.  Provide a swinging door or gate with improper maneuvering clearance(s) in compliance with the standards set forth in 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1. and/or §§4.13, 4.13.3 and 4.13.6 of the 1991 ADA Standards.

b.  Provide a gate or door with a continuous opening pressure of no more than 5 lbs. in compliance with 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4 and./or §4.13.11 of the 1991 ADA Standards.

**Lauderdale shall ensure that the following is correct in the Customer Lounge Area:**

a.  Provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in compliance with 2010 ADAAG §§ 902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2, and 4.5 of the 1991 ADA Standards.

b.  Provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability  in compliance with 2010 ADAAG §§ 226, 226.1, 902, 305 and 306..

50.     Plaintiff has been damaged by the Defendant's breach of the Settlement Agreement. Specifically, Plaintiff has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1.  That this Court declares that Defendant has failed to comply with the Settlement Agreement and Release;

2. That this Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff and as provided in the Settlement Agreement and Release; and,

4. That this Court award such other and further relief as it may deem necessary, just and proper.

Dated April 19, 2024.

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** perri@sconzolawoffice.com